**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES HUMPHREYS, # 17381-038,

      Petitioner,                     Civil No. 2:18-CV-10340

                                      HONORABLE NANCY G. EDMUNDS

v.                                UNITED STATES DISTRICT JUDGE

J.A. TERRIS,

      Respondent,

_____/

**OPINION AND ORDER SUMMARILY DISMISSING**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

      James Humphreys, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his sentence enhancement as an armed career offender for his underlying conviction out of the United States District Court for the Northern District of Illinois for felon in possession of a firearm. Petitioner alleges that pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), his Illinois conviction for aggravated battery no longer counts as a violent offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the reasons that follow, the petition is SUMMARILY DENIED.

      Petitioner previously filed a petition for writ of habeas corpus before Judge Gershwin A. Drain of this district, which challenged the same conviction and sentence and raised the identical claim. The petition was denied on the merits. *Humpherys v. Terris*, No.

17-CV-13641, 2018 WL 534462 (E.D. Mich. Jan. 24, 2018). [1]

Petitioner has now filed the current petition, seeking habeas relief from the conviction and sentence and raising the same claim that he challenged in his previous habeas petition.

The Court will dismiss the current petition, because it is duplicative of petitioner's prior habeas petition. A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of his first habeas petition, because both cases seek the same relief. *Id. See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Marks v. Wolfenbarger*, No. 06-CV-14325; 2006 WL 2850340 (E.D. Mich. October 3, 2006)(same).

Petitioner is also not entitled to habeas relief on his *Mathis* claim because he has already been denied relief on this claim. Under the doctrine of claim preclusion, a final judgment bars any and all claims by a litigant based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994).

---

[1] Both the Eastern District of Michigan docket sheet and the Westlaw citation incorrectly spell petitioner's name in the heading of the opinion as "Humpherys." However, petitioner's name is spelled correctly in the body of the opinion and it is clear from the opinion in petitioner's prior case that he is the same prisoner in the current case and is challenging the same conviction and raising the identical claim.

Petitioner's habeas application is barred by the doctrine of claim preclusion, because petitioner's claim is identical to the claim in his prior habeas petition before Judge Drain. *See Lanthron v. U.S.,* 3 F. App'x. 490, 491 (6th Cir. 2001); *See also Smith v. Reno,* 3 F. App'x. 403 (6th Cir. 2001). Accordingly, the petition is summarily DENIED.

## III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT JUDGE

DATED: February 7, 2018